UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CV-00091-TBR

**RAJA NAGARAJAN**                                                                                          **PLAINTIFF**

v.

**JENNIFER A. OSTRUSKZA and
INTERINSURANCE EXCHANGE
OF THE AUTOMOBILE CLUB**                                                              **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court on the Plaintiff's motion to remand and request for fees and costs. (DN 4). Defendant has responded (DN 6), and Plaintiff has replied. (DN 7). This matter is now ripe for adjudication. For the following reasons, the Plaintiff's motion to remand is GRANTED and the request for fees and costs is DENIED.

### BACKGROUND

Plaintiff, Raja Nagarajan ("Nagarajan"), a citizen of Louisiana, was injured in a two-car collision in Paducah, Kentucky on June 15, 2010. The driver of the second vehicle was Defendant Jennifer Ostruskza ("Ostruskza"), a citizen of Illinois.[1] On July 5, 2011, Nagarajan sued his insurance carrier, Interinsurance Exchange of the Automobile Club ("IEAC"), a

---

[1] At the time of the collision, Ostruskza was a citizen of Kentucky, but has since relocated to Illinois. (Def.'s Notice of Removal, DN 1). Although Ostruskza asserts in her notice of removal that she was a citizen of Illinois both when Nagarajan filed this lawsuit and at the time of removal (DN 1), in her Answer to Nagarajan's Complaint, she admits to being a Kentucky resident at the time the Complaint was filed (DN 1-1). Therefore, it appears the forum defendant rule, which bars a defendant sued in a state court where he or she is a citizen from removing to federal court, may be grounds for remand. 28 U.S.C. § 1441(b)(2). Plaintiff has not raised this issue in her motion to remand; however, this Court and others in this district treat the forum defendant rule as a jurisdictional issue capable of being raised by the Court *sua sponte*. *See Regions Bank v. Am. Justice Sch. of Law, Inc.*, No. 5:08-CV-134-M, 2009 WL 909548, at *6 (W.D. Ky. March 30, 2009) ("[T]he Court finds that the forum defendant rule is jurisdictional and that it has an obligation to raise the removal defect sua sponte."); *Wooten v. Greenview Hosp.*, No. 1:10-CV-00034-TBR, 2010 U.S. Dist. LEXIS 41673, at *8-11 (W.D. Ky. April 28, 2010) (same). However, because Ostruskza has not had an opportunity to argue this issue and the Court finds that the procedural defect raised in Nagarajan's motion to remand disposes of the case, the Court chooses not to raise this issue.

California corporation with its principal place of business in California, and Ostruskza in McCracken County Circuit Court. In his complaint, Nagarajan seeks to recover several measures of damages, including pain and suffering, past and future medical expenses, and lost wages, but does not state a specific amount sought.[2] Ostruskza was served on July 6, 2011 and IEAC was served on July 7, 2011.

Thereafter, the parties entered into settlement negotiations, and the litigation was temporarily tolled. In a letter to Ostruskza's insurance company, Progressive Casualty Insurance Company ("Progressive"), dated February 21, 2012, Nagarajan estimated that his case had a value of between $323,848.57 and $301,548.57 and offered to settle for $300,000 (DN 4-2). On March 12, 2012, a claims representative for Progressive rejected Nagarajan's offer and indicated that Progressive was in the process of filing an answer to Nagarajan's complaint, the deadline for which had been indefinitely extended to allow for settlement talks (DN 4-3). On March 29, 2012, Ostruskza's counsel sent a letter to Nagarajan's counsel, which stated in part, "[y]our last demand for settlement was $300,000.00. Can you agree that the case only has a value of less than $75,000.00 for Federal Court removal purposes? If I have not heard from you by April 5, 2012, I will assume that you cannot agree to the aforementioned and will seek removal." (DN 4-4). Nagarajan's counsel did not respond to the letter.

After Nagarajan did not respond, Ostruskza obtained consent for removal from an IEAC representative on July 3, 2012, and removed to federal court that day. Thereafter, Nagarajan timely filed this motion to remand, arguing that the notice of removal was untimely under the removal procedure outlined in 28 U.S.C. § 1446. Ostruskza argues that Section 1446's 30-day

---

[2] *See* Ky. R Civ. P. 8.01 ("In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court").

requirement should not apply here because under 28 U.S.C. § 1446(b)(2)(A)'s unanimity requirement, she first had to obtain IEAC's consent before removing and did not obtain such consent until July 3, 2012.

## STANDARD

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). An action "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* Following the filing of a notice of removal, a plaintiff may move to remand the case "on the basis of any defect other than lack of subject matter jurisdiction" within thirty days. 28 U.S.C. § 1447(c). Finally, "[t]he removal petition is to be strictly construed, with all doubts resolved against removal." *Her Majesty the Queen in Right of Province of Ontario v. Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citations omitted).

## DISCUSSION

The first issue before the Court is when the removability of this case was first ascertainable. Under 28 U.S.C. § 1446, when a case not originally removable to federal court becomes removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Nagarajan contends that his February 21, 2012, demand offer for $300,000 constitutes "other paper" that indicated to Ostruskza that the case had become removable. Nagarajan argues that at the very latest, Ostruskza had knowledge of removability on March 29, 2012, when her counsel referenced the demand letter while requesting that Nagarajan

3

agree the case was worth less than $75,000 for removal purposes. Therefore, Ostruskza would have been required to file her timely notice of removal at the very latest on or before April 28, 2012.

Courts have broadly construed the "other paper" requirement for post-complaint communications. *See* 14C Charles Alan Wright, et al., Federal Practice & Procedure § 3731 (4th ed.) (collecting cases) ("[A]fter an unremovable action has been commenced in state court and the defendant has been served with the summons, or the summons and complaint if state law requires, various discovery documents such as deposition transcripts, answers to interrogatories and requests for admissions, as well as amendments to ad damnum clauses of complaints, and correspondence between the parties and their attorneys or between the attorneys usually are accepted as "other papers," receipt of which can initiate a 30-day period of removability."). Although the Sixth Circuit has not directly addressed the question of whether a settlement demand letter also constitutes "other paper," in *Peters v. Lincoln Elec. Co.* it adopted the position that a deposition may constitute "other paper." 285 F.3d 456, 466 (6th Cir. 2002).

Further, district courts in this circuit and both courts of appeal and district courts in other circuits have accepted the notion that such post-complaint letters are "other paper" under § 1446. *See, e.g., Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000); *Techdisposal.com, Inc. v. CEVA Freight Mgmt.*, 2:09-cv-356, 2009 WL 4283090, at *3 n.4 (S.D. Ohio Nov. 30, 2009) (citing *Addo* with approval); *Bankhead v. American Suzuki Motor Corp.*, 529 F. Supp.2d 1329, 1333 (M.D. Ala. 2008) (post-complaint settlement offer); *Stramel v. GE Capital Small Bus. Fin. Corp.,* 955 F. Supp. 65, 67 (E.D. Tex. 1997) (same); *Rodgers v. Northwestern Mut. Life Ins. Co.,* 952 F. Supp. 325, 327 (W.D. Va. 1997) (same); *Sunburst Bank v. Summit Acceptance Corp.,* 878 F. Supp. 77, 82 (S.D. Miss. 1995) (same). As one district court

has explained:

> [Section 1446], however, is clear that the time for removal begins to run when the defendant receives the requisite written notice of facts which make the case removable. The statutory requirement of a writing reduces disputes over knowledge of diversity or the amount in controversy and helps avoid later battles of credibility between opposing parties and lawyers. Although notice must be in writing, the statute does not require "service" of that notice in some formal legal sense. Notification may be "through service or otherwise." Thus, while Congress insisted that notice of facts permitting removal must be in an "amended pleading, motion, order or other paper," the method of delivery or receipt of the writing was not circumscribed. In sum, the purpose of the statute "is to commence the running of the thirty-day period once the defendant receives actual notice that the case has become removable, which may be communicated in a formal or informal manner."

*Broderick v. Dellasandro*, 859 F. Supp. 176, 178 (E.D. Pa. 1994) (citations omitted).

The Court finds the logic of these cases to be persuasive here. Although Ostruskza had not yet filed his answer, Nagarajan's $300,000 demand came nearly eight months after his complaint was filed and defendants were served. The four-page demand letter clearly and unequivocally provided notice to Ostruskza that Nagarajan valued his case at between nearly $324,000 and $301,000, and offered to settle for $300,000, a figure well above the $75,000 threshold for federal jurisdiction.  It is undisputed that Ostruskza received this writing, as both her insurance company and her counsel reference it in subsequent correspondence with Nagarajan. Further, Ostruskza cited Nagarajan's demand letter as evidence that the case was removable in her notice of removal. Thus, the Court holds that Nagarajan's post-complaint demand letter constitutes "other paper" under § 1446 and that Ostruskza was required to file her notice of removal before or on April 28, 2012, thirty days after the latest date that Ostruskza undisputedly had knowledge of Nagarajan's $300,000 demand.

The final issue before the Court is whether Ostruskza's inability to obtain IEAC's consent to remove until July 3, 2012, excuses her from § 1446's thirty-day requirement. The Court concludes it does not. As discussed above, under § 1446, "a notice of removal may be filed

5

within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Ostruskza argues that subsection (b)(3)'s permissive use of "may" indicates that its thirty-day requirement is optional where all defendants have not consented to removal as required by subsection (b)(2)(A). *See* 28 U.S.C. § 1446(b)(2)(A) (all defendants properly joined and serve "must" join or consent to removal).

Ostruskza's argument is contrary to both the plain meaning of Section 1446 and the precedent of this circuit. First, § 1446(b) lists a number of requirements that a "defendant or *defendants*" wishing to remove should follow. *See* § 1446(a) & (b). The thirty-day time frame for filing a notice of removal and the unanimity requirement are *both* listed as general requirements for defendants wishing to remove. 28 U.S.C. § 1446(b)(2)(A) & (b)(3). Further bolstering the proposition that the thirty-day filing and defendant unanimity requirements are not either-or propositions is the Sixth Circuit case *Loftis v. United Parcel Serv., Inc.*, where the court held that "all defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable." 342 F.3d 509, 516 (6th Cir. 2003) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999)). The Court cannot read § 1446 or the *Loftis* court's decision as open to allowing what amounts to a retroactive extension to file a notice of removal where defendants in an action initially have a strategic disagreement as to whether to remove to federal court.

Ostruskza cites as her saving grace the fact that she filed the notice of removal within one

6

year after Nagarajan filed suit, as required under § 1446(c). 28 U.S.C. § 1446(c) ("A case may not be removed under subsection (b)(3) on the basis of [diversity] jurisdiction … more than 1 year after commencement of the action"). However, § 1446(c) is not a savings clause of sorts, allowing defendants who file an otherwise untimely notice of removal to nonetheless remove to federal court so long as they squeak in before the one-year deadline. Rather, § 1446(c) serves as an additional bar to bringing an otherwise removable case. Because Ostruskza's notice of removal was filed long after the thirty-day filing deadline, the Court holds that the notice was procedurally defective and remand is required.

Having concluded that this action was improperly removed, the Court must lastly determine whether to award Nagarajan the requested costs and attorney fees incurred in filing this motion. "[A]n award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales ..." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 139 (2005). "[T]he standard for award fees should turn on the reasonableness of the removal ... courts may award attorney's fees under § 1447(c) only where the removing party lack an objectively reasonable basis for seeking removal." *Id.* at 141. In the instant case, although Ostruskza's argument is not supported by case law, the Court cannot conclude the basis for removal was wholly objectively unreasonable. Further, there is no indication that removal was done solely with the intent to delay the proceedings. Accordingly, the motion for fees and costs is DENIED.

## CONCLUSION

Plaintiff Raja Nagarajan has moved to remand this case to the McCracken County Circuit Court. For the foregoing reasons, Plaintiff's motion to remand is GRANTED and his request for attorney's fees is DENIED. An appropriate order shall issue.